UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11237-RGS

KETTELENE POLYNICE and
KETTELINE POLYNICE

v.

MEDFORD HOUSING AUTHORITY

November 5, 2013

STEARNS, D.J.

Plaintiffs Ketteline Polynice and Kettelene Polynice, two sisters of Haitian descent, claim that they were the victims of racially motivated harassment and assaults by their tenant neighbor in the public housing project where they resided. The Polynices contend that despite their repeated complaints about this harassment to the Medford Housing Authority (MHA), it refused to take any action. The Polynices assert that the MHA further discriminated against them by ignoring requests that the MHA make necessary repairs to their dwelling unit.

Currently, the parties disagree as to the scope of production required under Fed. R. Civ. P. 34, as applied to plaintiffs' documents requests. Plaintiffs seek evidence probative of the MHA's alleged discriminatory intent (including disparate treatment of tenants similarly situated to the Polynices), MHA's

violation of its own discrimination policies, and MHA's tolerating an abusive neighbor and the distressed state of the unit it leased to the Polynices. The court finds that while much of what the plaintiffs seek is relevant, as framed, many of plaintiffs' requests are overly broad. Having reviewed plaintiffs' motion to compel, and defendants's opposition, the court orders MHA to produce the following, by December 20, 2013, from it records, including tenant files, **for the period from January through March of 2007, and January through March of 2009**.

1. Evidence of Willis Avenue Development tenant complaints about issues similar to what the Polynices complained about – a harassing neighbor, missing trash barrels, leaking ceilings, rodent infestation, and broken appliances – including in the MHA's production, the tenant(s)' race, and what MHA did in response to the complaints (if anything), including MHA work orders;

2. Copies of any citations issued to tenants in the Willis Avenue Development arising out of the MHA's "home inspections;"

3. Any evidence of the Polynices' complaints to the MHA of the neighbor's harassment ;

4. Insurance claims that the MHA made for coverage of discrimination-related disputes at the Willis Avenue Development;

5. Documents concerning any MHA investigation into allegations of discrimination by the MHA or a Willis Avenue Development tenant;

6. Documents provided to MHA tenants memorializing the MHA's anti-discrimination policies; and

7. The names of any MHA employee or agent who assisted Willis Avenue Development tenants in submitting housing discrimination complaints.

Based on the results of this twelve month sample, plaintiffs may, if warranted, seek additional targeted discovery from the court.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE