UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11237-RGS

KETTELINE POLYNICE and
KETTLINE POLYNICE

v.

MEDFORD HOUSING AUTHORITY

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION
TO COMPEL FURTHER DISCOVERY

February 19, 2014

STEARNS, D.J.

The motion will be denied. I agree with defendant that plaintiffs have sailed too close to the wind in pressing now for additional discovery which, even discounting any hyperbole, appears to escalate the scope of discovery by a magnitude of ten. As defendant accurately points out, the last extension of discovery granted by the court (after two and one-half years of litigation) expired on February 7, 2014. Moreover, that extension was allowed for the limited purpose of permitting plaintiffs to take a Rule 30(b)(6) deposition, which plaintiffs have elected not to schedule. With the case having been given a firm trial date of March 24, 2014, it is beyond the comprehension of the court how plaintiffs would expect the defendant Housing Authority to produce the staggering amount of additional requested discovery, plaintiffs to digest it, and both

sides to be ready for a jury trial in barely a month's time. While the court did say that it would be open to additional "targeted" discovery based on the sampling that was permitted, there was no reason for plaintiffs to delay filing the motion to compel (which is anything but targeted) until February 12, 2014, knowing that under the court's usual fourteen-day response rule, the dispute would not be ready for resolution before February 27, 2014, at the earliest.

Moreover, from what is said in plaintiffs' supporting memorandum, the discovery that has been permitted has not disclosed an admissible pattern of discrimination that would serve as proof of an animus towards plaintiffs as individuals or Haitian immigrants in general.[1] *See Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 32 (1st Cir. 2003) (statistical evidence is at best of marginal assistance in cases involving allegations of disparate treatment). The examples cited to the court are either statistically insignificant (for example, as in the case of instances of complaints regarding stove repairs, which were lodged by 22 percent of black tenants, 14 percent of white tenants, 40 percent of Hispanic tenants, and 56 percent of Asian tenants),[2] or

---

[1] Plaintiffs in their Complaint do not allege a "custom or practice" of discriminating against Haitian tenants by the Housing Authority that is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

[2] There is a statistical allegation that black tenants were more likely to be cited for poor housekeeping than other tenants, but no suggestion that among the eleven of

simply anecdotal and involve persons other than the plaintiffs.[3] Finally, the court questions the social utility of shifting $200,000 of costs (the court accepts the representations of defendant's counsel as to the costs that were incurred in conducting the sampling) to a public housing agency at the expense of the taxpayers of the City of Medford (and indirectly to the tenants who live in Medford public housing) where that discovery is unlikely to lead to admissible evidence of any significance.

ORDER

For the foregoing reasons, plaintiffs' motion to compel further discovery is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

92 black tenants who were cited, Haitians were singled out.

[3] The only anecdotal instance offered of derogatory remarks about Haitians as a group is attributed to a black neighbor of a Haitian tenant other than the Polynices. The second anecdotal instance involves allegations of sexual harassment by a white tenant of persons other than the Polynices (who do not allege sexual harassment in their Complaint). The third instance involves an allegation of racially hostile remarks made to a black tenant by an Hispanic neighbor (who is now an employee of the Housing Authority), remarks that were the subject of a complaint that was lodged with and dismissed by the Massachusetts Commission Against Discrimination. The fourth and final instance involves complaints against the neighbor who was allegedly the principal source of harassing conduct against the Polynices. These complaints, insofar as the rules of evidence permit, are admissible through Housing Authority witnesses and the Polynices without the need for further discovery.

UNITED STATES DISTRICT JUDGE